Julian A. Hertz, J.
This prosecution is an outgrowth of proceedings pursuant to article 7-A of the Real Property Actions and Proceedings Law. As a result of those proceedings, on March 19, 1975, an order was entered in the Civil Court of the City of New York, Bronx County, granting the petition to the extent, among other things, of appointing Eli Colon as administrator of the premises, located at 2359 Southern Boulevard, Bronx, New York.
Title to that property is in the name of I. Bielfeld, Ltd., a corporation of which the defendant in this prosecution is the president. It is undisputed that the defendant was and is an occupant of that multiple dwelling. Further, it is undisputed that prior to and since the proceedings under article 7-A of the Real Property Actions and Proceedings Law the defendant has utilized portions of the basement space for storage of items of personalty.
Defendant has been charged with violating section 145.00 of the Penal Law (criminal mischief) and section 140.10 of the Penal Law (criminal trespass) in that it is alleged that on April 5, 1975, at about 3:30 p.m. at 2359 Southern Boulevard, he did break into the basement of that premises and, in so doing, he damaged a door leading to the basement. Such was the testimony of the People’s witnesses at this nonjury trial at which defendant neither testified nor offered evidence in his own defense. The court has no reason to doubt the testimony of the witnesses which included that of the arresting officer Anglada, who testified to observing the act. Thus, the fact of the breaking presents no issue. The question is whether the defendant had the legal right to do so.
It is noted that after the close of the People’s case, the defendant moved for dismissal of the charge and the court reserved decision. Defendant rested and the court dismissed the charges on its stated conclusion that there was, to say the very least, a reasonable doubt on the question of the defendant’s prior established right to enter the basement or the storage areas therein, for the purpose of having access to any of his (or the corporate owner’s) personalty over which he had dominion.
It is transcendently important that neither Mr. Colon, the court appointed administrator, nor the complainant, Anne *755 May Dooley, who identified herself as the agent of the administrator, as a tenant and as one associated with a tenant’s committee, asserted that the defendant had done anything to impair, impede or interfere with the efforts of the administrator directed to the collection of rents or the making of repairs.
The foregoing brings the court to certain additional factual recitations flowing from the evidence at trial.
There was introduced in evidence as the People’s first exhibit (without objection) the order of the Hearing Officer in the Civil Court appointing Eli Colon administrator on March 19, 1975. By that order Mr. Colon was directed and authorized to collect past, present and future rents due from the petitioning tenants for use in payment of bills for materials, labor and services required to remove or remedy those conditions designated by the court. The People’s second exhibit in evidence was a handwritten letter signed by the Housing Court Hearing Officer on April 4,1975 which states as follows:
"Civil Court, City of New York
4/4/75
Bifeld [sic] Ltd. v Rosello
21789, 21786, 21788, 21787, 75
To Whom It May Concern:
Eli Colon has been appointed by me administrator in premises 2359 So. Blvd. He is the only authorized person to run this bldg. The PL, Mr. Mauer, is no longer in control of this bldg. Mr. Colon’s superintendent is in charge of the basement and public areas.
Very truly yours,
/s/ Hon. Arthur S. Aaron
Hearing Officer”
According to Mr. Colon’s uncontradicted testimony that document was obtained ex parte. Factually, application for the court’s supplementary directions derived from an incident on the day prior to the charge date when, Mr. Colon testified, defendant gained access to the basement by means of self-help and in a manner similar to that which gave rise to these charges. At that earlier time the police, responding to the scene, refused to interfere with the defendant’s actions on their expressed doubt of his right of access. At police suggestion, Mr. Colon, seeking to totally bar the defendant from the basement of the premises sought clarification on the issue *756 from the court officer who had appointed him as administrator. Indeed, he sought the suggested additional court order upon which the police had indicated a willingness to act. The result was, as afore-mentioned, the quoted letter. Suffice it to note the letter partakes of few of the usual indicia of a court order. It raises due process issues and its language may be overbroad and beyond the restraints on the defendant necessary or even appropriate in an article 7-A proceeding. This has special significance in light of the admissions which came from the People’s witnesses that there had been no impediment placed in the path of the administrator in carrying out his duties. However, that may be, the court is sensitive to the more orderly procedure which would flow from further resort by the complainants to the process of the Housing Court and the particular emphasis in this respect which the court is impelled to place thereon, absent some urgent reason requiring resort to another court.
Finally, this court observes that the purpose of article 7-A proceeding is found in the legislative declaration (L 1965, ch 909): "It is hereby found that there exists in the City of New York multiple dwellings which contain the conditions hereinafter described and which endanger the life, health or safety of the occupants thereof. It is hereby further found that additional enforcement powers are necessary in order to compel the correction of such conditions and to increase the supply of adequate, safe and standard dwelling units, the shortage of which constitutes a public emergency and is contrary to the public welfare.”
Since the said article is responsive to urgency deriving from the progressive deterioration of housing and, in every sense, is itself an ameliorative statute sharply in derrogation of the ordinary concommitants of property ownership, it must be restricted to definite and narrow boundaries no broader than those needed to accomplish its purposes. It is not at all clear here that a prohibition against the defendant entering the basement was in any sense a necessary step in carrying out the statutory purpose.
For these reasons, the court now finds that the People have failed to sustain the burden of proof with respect to the charges of criminal mischief and criminal trespass and now grants the defendant’s motion at the close of the People’s case to dismiss the complaint as a matter of law.